**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

|  |  |
|---|---|
| ASHLEY ISBERG, an individual<br><br>*Plaintiff*,<br><br>*v.*<br><br>ROCKET MORTGAGE, LLC, a Michigan Corporation<br><br>*Defendant*. | Case No. 2:26-cv-10806-RJW-DRG<br><br>Hon. Robert J. White<br><br>Hon. Mag. David R. Grand |

**DEFENDANT ROCKET MORTGAGE, LLC'S MOTION TO DISMISS
PLAINTIFF ASHLEY ISBERG'S COMPLAINT**

Defendant Rocket Mortgage, LLC ("Rocket Mortgage") hereby moves this Court to dismiss Plaintiff Ashley Isberg's ("Plaintiff") Complaint as to each Count for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

***First***, the Complaint fails to plausibly allege any violation of the Americans with Disabilities Act ("ADA"). Plaintiff's only requested accommodation was work-from-home to avoid a commute, which falls outside the scope of the ADA. Without a legally cognizable accommodation, each of her ADA claims fail. ***Second***, Plaintiff's Persons with Disabilities Civil Rights Act ("PWDCRA") claims fail for

64273167.6

the same reason, as they rest on the same deficient commuting-based theory. Plaintiff's standalone PWDCRA "interference" claim also fails because no such cause of action exists under the statute. ***Third***, her Family and Medical Leave Act ("FMLA") claims fail because Plaintiff received FMLA leave whenever requested, foreclosing any claim for discrimination, interference, or retaliation. ***Fourth***, Plaintiff's hostile work environment claim fails because it is conclusorily pled without sufficient factual detail to show entitlement to relief. **Finally**, the Complaint independently fails to allege a *prima facie* case or support a plausible inference of misconduct showing an entitlement to relief under the ADA, PWDCRA, or FMLA, as it does not plead any materially adverse employment action, an essential element of each claim. Accordingly, the Complaint should be dismissed in its entirety.

Pursuant to Local Rule 7.1(a), counsel for Rocket Mortgage met and conferred with counsel for Plaintiff on March 30, 2026, regarding this motion. Plaintiff denied concurrence to the relief sought.

WHEREFORE, Rocket Mortgage respectfully requests that the Court grant this motion and dismiss the complaint.

Dated: March 31, 2026                    Respectfully submitted,

                                          */s/ Sean F. Crotty*
                                          Sean F. Crotty (P64987)
                                          Ryan S. Stults (P89042)
                                          **HONIGMAN LLP**
                                          2290 First National Building
                                          660 Woodward Ave

2

64273167.6

3

Detroit, MI 48226
313.465.7336
scrotty@honigman.com
rstults@honigman.com

*Attorneys for Defendant*

3

64273167.6

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| ASHLEY ISBERG, an individual<br><br>*Plaintiff*,<br><br>*v.*<br><br>ROCKET MORTGAGE, LLC, a Michigan Corporation<br><br>*Defendant*. | Case No. 2:26-cv-10806-RJW-DRG<br><br>Hon. Robert J. White<br><br>Hon. Mag. David R. Grand |

## BRIEF IN SUPPORT OF DEFENDANT ROCKET MORTGAGE, LLC'S MOTION TO DISMISS PLAINTIFF ASHLEY ISBERG'S COMPLAINT

64273167.6

# TABLE OF CONTENTS

**Page**

CONCISE STATEMENT OF ISSUES PRESENTED ........................................... iii

CONTROLLING OR MOST RELEVANT AUTHORITY ................................... iv

I.    INTRODUCTION ...............................................................................1

II.   STATEMENT OF FACTS ...................................................................1

    A.    Plaintiff's Employment with Rocket Mortgage. ...................................1

    B.    Rocket Mortgage Accommodates Plaintiff. ........................................2

    C.    Rocket Mortgage's Cooperative Dialogue with Plaintiff. ...................2

    D.    Plaintiff's Final Leave of Absence and Resignation............................3

    E.    Plaintiff's Claims.............................................................................4

III.  LEGAL STANDARD ..........................................................................4

IV.   ARGUMENT.......................................................................................5

    A.    Plaintiff Fails to State Claims for ADA and PWDCRA by Requesting an Accommodation Outside the Workplace. .....................6

        1.    Plaintiff's Claim for Failure to Accommodate Fails – Count IV....................................................................................6

            a.    Plaintiff's Commuting-Avoidance Request Is Unreasonable as a Matter of Law....................................7

            b.    Plaintiff's Inability to Attend Work Renders Her Unqualified as a Matter of Law......................................9

        2.    Plaintiff Fails to State a Claim for Failure to Engage in the Interactive Process – Count IV. ................................................10

    B.    Plaintiff Fails to State Claims for ADA Interference – Count II ........11

i

C. Plaintiff Fails to State Claims for PWDCRA Interference – Count III. ...................................................................................13

D. Plaintiff Fails to State Claims for FMLA Interference – Count I. .......13

E. Plaintiff Fails to State a *Prima Facie* Case Supporting a Plausible Inference of Misconduct by Defendant. ...............................................15

  3. Plaintiff Fails to Plead Adverse Employment Actions. ............17

  4. Plaintiff's Conclusorily Pled "Demotion" Is Inadequate. ........18

  5. Plaintiff's Constructive Discharge Theory Is Inadequate .........20

F. Plaintiff Fails to State a Claim for Hostile Work Environment – Count V. ..................................................................................................22

G. Each of Plaintiff's Claims Fail Under *Iqbal* and *Twombly* for their Lack of Factual Substance. .........................................................24

V. CONCLUSION ...........................................................................................25

ii

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1. Does the Complaint fail to state a claim for ADA and PWDCRA violations where Plaintiff requests an unreasonable accommodation and is otherwise unqualified under the applicable statutes?

2. Does the Complaint fail to state a claim for PWDCRA interference where the statute does not support such a cause of action?

3. Does the Complaint fail to state a claim for FMLA violations where Plaintiff was provided FMLA leave on every occasion?

4. Does the Complaint fail to state a claim for discrimination and retaliation under applicable statutes where Plaintiff fails to plead an adverse employment action?

5. Does the Complaint fail to state a claim for hostile work environment where the complaint is wholly conclusory?

iii

## CONTROLLING OR MOST RELEVANT AUTHORITY

**MOTION TO DISMISS**
Federal Rule of Civil Procedure 12(b)(6)
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)
*Sam Han v. Univ. of Dayton,* 541 F. App'x 622 (6th Cir. 2013).
*Meka v. Dayco Prods. LLC*, 742 F. Supp. 3d 769 (E.D. Mich. 2024)

**CASE LAW PERTAINING TO ADA & PWDCRA CLAIMS**
*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).
*Regan v. Faurecia Auto. Seating, Inc.*, 679 F.3d 475 (6th Cir. 2012)
*EEOC v. Ford Motor Co.*, 782 F.3d 753 (6th Cir. 2015)
*Brenneman v. MedCentral Health Sys.*, 366 F.3d 412 (6th Cir. 2004)
*Bowles v. SSRG II, LLC*, 162 F.4th 716 (6th Cir. 2025)
*Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876 (6th Cir. 1996)

**CASE LAW PERTAINING TO FMLA CLAIMS**
*Wallace v. FedEx Corp.*, 764 F.3d 571 (6th Cir. 2014)
*Edgar v. JAC Prods., Inc.*, 443 F.3d 501 (6th Cir. 2006)
*Srouder v. Dana Light Axle Mfg.*, LLC, 725 F.3d 608 (6th Cir. 2013)

**CASE LAW PERTAINING TO CONSTRUCTIVE DISCHARGE**
*Hammon v. DHL Airways, Inc.,* 165 F.3d 441 (6th Cir. 1999)
*Pennsylvania State Police v. Suders*, 542 U.S. 129 (2004)
*Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805 (6th Cir. 2020)
*Groening v. Glen Lake Cmty. Sch.*, 884 F.3d 626 (6th Cir. 2018)

**CASE LAW PERTAINING TO HOSTILE WORK ENVIRONMENT**
*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)
*Hunter v. Gen. Motors, LLC*, 807 F. App'x 540 (6th Cir. 2020)
*Phillips v. UAW Int'l*, 854 F.3d 323 (6th Cir. 2017)
*Kellar v. Yunion, Inc.,* 157 F.4th 855 (6th Cir. 2025)

iv

## I.   INTRODUCTION

Plaintiff's Complaint suffers from multiple fatal deficiencies warranting dismissal under Federal Rule of Civil Procedure 12(b)(6).  First, her ADA claims rest on a non-cognizable commuting-based work-from-home request.  The PWDCRA claims fail for the same reason, and the asserted "interference" claim is not recognized in law.  The FMLA claims fail because, as alleged, she received all requested FMLA leave.  Her hostile work environment claim is wholly conclusory and devoid of requisite facts to state a claim.  Independently, her Complaint is full of threadbare, conclusory, and factually insufficient allegations that fail to make out a *prima facie* case of discrimination, retaliation, or interference or support a plausible inference of discrimination showing an entitlement to relief.  Plaintiff has not shown any cognizable adverse employment action prior to her voluntary resignation.  Accordingly, she has not met her burden to survive a 12(b)(6) motion to dismiss.

## II.   STATEMENT OF FACTS[1]

### A. Plaintiff's Employment with Rocket Mortgage.

Rocket Mortgage employed Plaintiff beginning in August 2016, until her resignation on September 12, 2025.  (Compl. ¶¶ 25, 84, 86, ECF No. 1, PageID.6, 13).  Rocket Mortgage supported Plaintiff's career progression without issues over

---

[1] For purposes of this motion, the facts are drawn from the Plaintiff's Complaint and are not conceded as true.  Rocket Mortgage reserves all rights and defenses.

1

many years.  (Compl. ¶¶ 27-39, ECF No. 1, PageID.6, 7). Plaintiff advanced to the position of Senior Applications Analyst prior to her resignation.  (Compl. ¶ 39, ECF No. 1, PageID.7).

**B.      Rocket Mortgage Accommodates Plaintiff.**

In 2023, Rocket Mortgage allowed Plaintiff to temporarily work from home after she advised them of a medical diagnosis that made it difficult for her to drive. (Compl. ¶¶ 41-43, ECF No. 1, PageID.8).  In May 2024, Rocket Mortgage granted Plaintiff's leave request under the FMLA and also approved her for Short Term Disability through August 2024.  (Compl. ¶¶ 41-44, ECF No. 1, PageID.8).  In October 2024, Plaintiff returned from leave with a temporary work-from-home arrangement.  (*Id.*).  During Plaintiff's six-month absence, her job duties were covered by co-workers.  (Compl. ¶ 45, ECF No. 1, PageID.8).  Upon request, Rocket Mortgage extended Plaintiff's work from home accommodations in late 2024. (Compl. ¶ 51, ECF No. 1, PageID.9).

**C.      Rocket Mortgage's Cooperative Dialogue with Plaintiff.**

In May 2025, Director of Servicing Latresha Edwards met with Plaintiff to facilitate a cooperative dialogue regarding team inter-personal conflicts and Plaintiff's expressed unhappiness with working at Rocket Mortgage.  (Compl. ¶¶ 53-54, ECF No. 1, PageID.9).  Ms. Edwards advised that she was happy to explore potential assistance for a transition outside the company if Plaintiff wished;

64273167.6

alternatively, she offered Rocket Mortgage's support for Plaintiff to continue in her current role. (*Id.*). On June 13, 2025, Bianca Puglise of Rocket's Team Relations and Ms. Edwards again met with Plaintiff to understand Plaintiff's displeasure working at Rocket Mortgage and offer support. (Compl. ¶ 57, ECF No. 1, PageID.9). During that meeting, Rocket Mortgage advised Plaintiff that she was not in danger of separation, but if she wanted to voluntarily resign, Rocket Mortgage would be willing to assist her in transition. (Compl. ¶ 58, ECF No. 1, PageID.9). After the meeting, Ms. Puglise provided the discussed severance package for Plaintiff to review. (Compl. ¶ 60, ECF No. 1, PageID.10). After Plaintiff failed to respond to the severance package, Ms. Puglise emailed Plaintiff on June 19, 2025, stating they would support whichever path she chose and that the offer would remain open until noon on June 20, 2025. (Compl. ¶ 62, ECF No. 1, PageID.10). On June 26, 2025, upon Plaintiff's request, Rocket's Team Relations sent Plaintiff the severance agreement and asked her to confirm whether she intended to resign or wished to continue at Rocket Mortgage. (Compl. ¶ 66, ECF No. 1, PageID.10).

**D.     Plaintiff's Final Leave of Absence and Resignation.**

That same day, on June 26, 2025, Plaintiff asked for another leave of absence because of unspecified health concerns, and Rocket Mortgage approved her FMLA leave to begin June 30, 2025 through July 28, 2025. (Compl. ¶ 68, ECF No. 1, PageID.11). During this leave, Plaintiff's legal counsel corresponded with the

3

64273167.6

company on her behalf.  (Compl. ¶¶ 73, 76, 78, ECF No. 1, PageID.11-12). On August 6 and September 9, 2025, Plaintiff's counsel sent demand letters to Rocket Mortgage, including requests for leave and work-from-home confirmations. (Compl. ¶¶ 76, 78, ECF No. 1, PageID.12).

As Plaintiff admits, from June 30 until her resignation on September 12, 2025, she took her approved FMLA leave and admits "at no time did Rocket Mortgage explicitly deny [Plaintiff's accompanying] August 6, 2025, [ADA] request." (Compl. ¶¶ 77, 79-80, ECF No. 1, PageID.13).  Plaintiff's FMLA leave was set to expire on September 15, 2025. (Compl. ¶ 79, ECF No. 1, PageID.12).  On Friday, September 12, 2025, while still on approved leave from Rocket Mortgage, Plaintiff emailed her resignation.  (Compl. ¶¶ 83-85, ECF No. 1, PageID.13).

**E.     Plaintiff's Claims.**

On March 10, 2025, Plaintiff filed this lawsuit, asserting claims for: (1) FMLA Discrimination, Retaliation, and Interference (Count I); (2) ADA Discrimination, Retaliation, and Interference (Count II), (3) PWDCRA Discrimination, Retaliation, and Interference (Count III), (4) ADA and PWDCRA Failure to Accommodate and Failure to Engage in the Interactive Process (Count IV), and (5) ADA and PWDCRA Hostile Work Environment (Count V), (Compl. ¶¶ 88-157, ECF No. 1, PageID.13-23).

**III.    LEGAL STANDARD**

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). "Mere conclusory statements," however, "are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678.

Thus, to state a claim, a plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 625–26 (6th Cir. 2013) (emphasis in original).

## IV.   ARGUMENT

5

**A.    Plaintiff Fails to State Claims for ADA and PWDCRA by Requesting an Accommodation Outside the Workplace.**

In Count IV, Plaintiff asserts claims for ADA and PWDCRA — Failure to Accommodate and Failure to Engage in the Interactive Process.  In Count II and Count III, Plaintiff asserts claims for Discrimination, Retaliation, and Interference under ADA and PWDCRA.  Each fail as a matter of law.

### 1.    Plaintiff's Claim for Failure to Accommodate Fails – Count IV.

To state a claim for failure to accommodate, Plaintiff must show "(1) [s]he is disabled within the meaning of the ADA [or PWDCRA]; (2) [s]he is otherwise qualified for his position, ... with or without accommodation; (3) the employer knew or had reason to know of [her] disability; (4) the employee requested an accommodation; and (5) the employer failed to provide a reasonable accommodation thereafter." *Greiner v. Charter Cnty. of Macomb, Michigan*, No. 14-CV-13979, 2017 WL 3977845, at *8 (E.D. Mich. Sept. 11, 2017), *aff'd sub nom. Greiner v. Macomb Cnty., MI*, No. 17-2417, 2019 WL 8884615 (6th Cir. Aug. 16, 2019) (citing *Green v. BakeMark USA, LLC*, 683 Fed. Appx. 486, 491 (6th Cir. 2017)).

Plaintiff alleges that Rocket Mortgage refused "to process Isberg's request for medical accommodations [that] would force Isberg, starting September 15, 2025, *to drive to Rocket Mortgage . . .* and that Rocket Mortgage "failed to approve Isberg's request for medical accommodations to work from home" in August and September 2025. (Compl. ¶¶ 84, 142, ECF No. 1, PageID.13, 20).  Plaintiff at all times admits

6

her accommodation request was intended to avoid commuting to work, stating that

"Isberg could work remotely *rather than drive to work and risk injury to herself and

others"* and her "accommodation request was *based on* certified medical paperwork

stating *that it was unsafe for Isberg to drive to Rocket Mortgage due to her POTS

disability.*" (Compl. ¶¶ 51-52, ECF No. 1, PageID.9).  She fails to state a claim for

ADA or PWDCRA violations on this basis.

> ### a.   Plaintiff's Commuting-Avoidance Request Is Unreasonable as a Matter of Law.

Plaintiff's accommodation claims fail because an employer is not required to

provide an accommodation regarding an employee's commute.  The Sixth Circuit

squarely addressed this commuting avoidance accommodation issue under the ADA

and the PWDCRA in *Regan v. Faurecia Auto. Seating, Inc.*, 679 F.3d 475 (6th Cir.

2012).  There, the employee alleged that her narcolepsy affected the safety of her

commute, and she asked to work different hours so she could avoid travel in heavy

traffic because of her medical condition.  *Id*. at 479–80. When the employer denied

this request, she asserted a failure-to-accommodate claim.  *Id*.  In affirming summary

judgment for the employer, the court reasoned that an employee's commute falls

outside  the  work  environment  and  is  not  a  matter  for  which  the  ADA  or  the

PWDCRA requires an employer to provide an accommodation.  *Id.*; *see also EEOC

v. Ford Motor Co.*, 782 F.3d 753, 761 (6th Cir. 2015) (affirming summary judgment

64273167.6

for employer who denied plaintiff's request to work-from-home up to four days per week).

In reaching this conclusion, the court cited multiple decisions holding that employers are not required to accommodate an employee's commute. *See, e.g.*, *Robinson v. Bodman*, 333 F. App'x 205, 208 (9th Cir. 2009) ("[T]he employer is not required to eliminate barriers outside the workplace that make it more difficult for the employee to get to and from work"); *Salmon v. Dade Cnty. Sch. Bd.*, 4 F. Supp. 2d 1157, 1163 (S.D. Fla. 1998) (holding that a plaintiff's commute to and from work is unrelated to and outside the scope of her job and affirming summary judgment for employer who denied her request to work from home); *Schneider v. Cont'l Cas. Co.,* No. 95 C 1820, 1996 WL 944721, at *9 (N.D. Ill. Dec. 16, 1996) (holding an employer need not accommodate an employee's commute and upholding employer's denial of a request to regularly arrive to work twenty-five minutes late).

Here, Plaintiff's theory is the same as in the cases rejecting it. She alleges that Rocket Mortgage is liable for a failure-to-accommodate/interactive process claims because it did not permit her to work from home to avoid alleged dangers of her commute. As the cited cases demonstrate, this theory fails as a matter of law under the ADA and PWDCRA.

8

64273167.6

### b. Plaintiff's Inability to Attend Work Renders Her Unqualified as a Matter of Law.

To the extent Plaintiff contends that she was unable to work from the office—whether due to an alleged inability to drive or for any other reason—she effectively concedes that she could not maintain regular and predictable attendance or perform the essential functions of her position.  She therefore falls outside the protections of the PWDCRA and ADA, as she is not a "qualified individual."

It has been clearly established that "regular and predictable" attendance, including on-site attendance, is an essential job function.  *See Ford Motor*, 782 F.3d at 761 (finding most jobs require in-person work and affirming summary judgment for employer); *Brenneman v. MedCentral Health Sys*. 366 F3d 412, 419 (6th Cir. 2004) (affirming summary judgment for employer where excessive absenteeism renders employee unqualified). Moreover, an employee who cannot report to work because of her disability is "unable to perform her job because of her [disability]." *Steckloff v. Wayne State Univ.*, No. 18-13230, 2020 WL 3428966, at *6 (E.D. Mich. June 23, 2020) (granting summary judgment to employer on the issue)*; Yeary v. Mich. Dep't of Corr.*, 1999 WL 33455077 (Mich. App. 1999) (jury verdict of no cause of action in favor of employer on the issue).

The *EEOC v. Ford Motor Co*. case is instructive.  There, a Ford employee with irritable bowel syndrome sought to work from home on an as-needed basis, up to four days per week.  782 F.3d 753, 757 (6th Cir. 2015).  After Ford denied the

9

64273167.6

request, citing the essential need for regular on-site attendance, the EEOC sued for failure to accommodate and retaliation.  *Id.*  The district court granted summary judgment for Ford, and the Sixth Circuit affirmed.  *Id.* at 757-58.  The Sixth Circuit held that the employee's "proposed only one accommodation—one that would exempt her regular and predictable attendance from her [] job . . . [the] proposed accommodation was unreasonable . . . and [she] was not a 'qualified individual' as a matter of law." *Id.* at 763.

Plaintiff's claims, as alleged, fail for the same reason as in the cited cases. Since she was unable to attend work, Plaintiff fails to demonstrate that she is eligible for the protections of the ADA or PWDCRA.  Her ADA and PWDCRA claims, including her Failure to Accommodate claim, should therefore be dismissed.

### 2.  Plaintiff Fails to State a Claim for Failure to Engage in the Interactive Process – Count IV.

The Sixth Circuit has made clear that an interactive-process claim depends on a viable reasonable-accommodation claim" and, where a "requested accommodation is unreasonable as a matter of law," the interactive process claim fails.  *Bowles v. SSRG II, LLC*, 162 F.4th 716, 717 (6th Cir. 2025) (affirming summary judgment for employer). For the reasons stated above, Plaintiff's accommodation request was unreasonable, Plaintiff was unqualified for her position, and Rocket Mortgage was not required to engage with her unreasonable accommodation request.

10

64273167.6

Even so, Plaintiff concedes that, at all times, Rocket Mortgage engaged in the interactive process, including by gratuitously granting temporary work-from-home arrangements in 2024, after which Plaintiff returned to the office without incident. (Compl. ¶¶ 42-44, ECF No. 1, PageID.10).  Plaintiff admits that Rocket Mortgage was in contact with her about her return to work during her most recent requests in August and September 2025—even while omitting the substance of those communications.  (Compl. ¶¶ 77-83, ECF No. 1, PageID.12-13).  She excerpts those conversations while admitting that Rocket Mortgage's HR Department continued to notify Isberg that she "*must return* to work *in person*" and the unreasonable non-commuting accommodation was not acceptable.  (*Id.*)  Plaintiff even clarifies that "at no time did Rocket Mortgage explicitly deny Isberg's August 6, 2025, request." (*Id.*) (emphasis in original).  Plaintiff alleges Failure to Engage because Rocket Mortgage "refused to process" . . . and did "not approve Isberg's request for . . . work from home" (Compl. ¶¶ 81, 83, ECF No. 1, PageID.12-13).  As stated, Rocket Mortgage did not need to do so as a matter of law. As a result, Plaintiff fails to state a claim for Count IV, and it should be dismissed in its entirety.

**B.      Plaintiff Fails to State Claims for ADA Interference – Count II**

Plaintiff's ADA Interference claim similarly fails.  While the Sixth Circuit has not expressly stated elements to evaluate an ADA interference claim, it has adopted the Seventh Circuit's test.  *Catchings v. Hazel Park Sch. Dist.*, No. 2:23-CV-11313,

11

64273167.6

2025 WL 2640419, at \*5 (E.D. Mich. Sept. 12, 2025) (citing *Kelly v. Graphic Packaging Int'l*, LLC, No. 24-1400/1599, 2025 WL 573766, at \*4 (6th Cir. Feb. 21, 2025)).  Under that test, a plaintiff must prove (1) she engaged in activity statutorily protected by the ADA; (2) she was engaged in, or aided or encouraged others in, the exercise or enjoyment of ADA protected rights; (3) the defendants coerced, threatened, intimidated, or interfered on account of her protected activity; and (4) the defendants were motivated by an intent to discriminate.  *See Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 550-51 (7th Cir. 2017).

As stated above, Plaintiff is not eligible under the ADA because her sole accommodation request was the unreasonable and unprotected request to work-from-home to avoid commuting.  *See Regan*, 679 F.3d at 479–80.  She is also not a "qualified individual" who "with or without reasonable accommodation, can perform the *essential functions* of the employment position," like attending work on-site as she has been required to do since 2016.  *See Ford Motor*, 782 F.3d at 761 (affirming summary judgment for employer finding plaintiff was unqualified where her accommodation request was to be exempt from regular in-person work).  Because Plaintiff's accommodation requests were unreasonable and she was not qualified, she cannot state a claim for any ADA violations including ADA interference.  Accordingly, Count II – ADA Interference should be dismissed.

12

64273167.6

**C.      Plaintiff Fails to State Claims for PWDCRA Interference – Count III.**

Plaintiff fails to state a claim for PWDCRA Interference because no such claim exists.  The Eastern District of Michigan recently dismissed such a claim holding "that there is no independent cause of action for interference under the PWDCRA." *Catchings*, 2025 WL 2640419, at \*7.  The law has not changed in the interim.  Plaintiff's Count III — PWDCRA Interference claim should likewise be dismissed.

**D.      Plaintiff Fails to State Claims for FMLA Interference – Count I.**

To state a claim for FMLA interference, Plaintiff must show "(1) she was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intention to take leave, and (5) the employer denied [or interfered with] the employee['s] FMLA benefits to which she was entitled." *Wallace v. FedEx Corp.*, 764 F.3d 571, 585 (6th Cir. 2014).  "Employees seeking relief under the [interference] theory must [also] establish that the employer's violation caused them harm." *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 508 (6th Cir. 2006).  "[A] cause of action for interference only arises if the employer denied the employee FMLA benefits to which she was entitled." *Srouder v. Dana Light Axle Mfg., LLC,* 725 F.3d 608, 613 (6th Cir. 2013).  As addressed above and as alleged in Plaintiff's claim, Rocket Mortgage provided Plaintiff with FMLA leave each time that she

13

requested it.  (Compl. ¶¶ 44, 77, ECF No. 1, PageID.7, 12).  This alone is fatal to her interference claim.

Nonetheless, Plaintiff asserts that Rocket Mortgage's "adverse employment actions constitute intentional interference with [Plaintiff's] FMLA rights, [] *chilling* Isberg from exercising her FMLA rights in the future without fear of future retaliation." (Compl. ¶ 97, ECF No. 1, PageID.14) (emphasis added).  It is unclear what "adverse employment actions" Plaintiff is referring to, but her allegations in Compl. ¶¶ 45–49, while not constituting adverse employment actions, allegedly occurred between her FMLA leave in 2024 and 2025.  Rather than being chilled, Plaintiff preemptively applied for FMLA leave on June 26, 2025, before she was eligible, and was granted FMLA leave as soon as she was eligible on June 30, 2025.  (Compl. ¶¶ 70-77, ECF No. 1, PageID.11-12). Under these facts, there was no interference with her FMLA rights.

Plaintiff also cannot state a claim for FMLA violations based on Rocket Mortgage's administrative efforts to ensure Plaintiff was eligible and that her paperwork was correctly completed.  (Compl. ¶¶ 68-77, ECF No. 1, PageID.11-12) (alleging violation where eligibility was verified).  Courts have routinely held that the employee must show need for leave on a specific date. *See Pagan v. United States Postal Serv.,* 1999 WL 1211915, *2 (Fed. Cir., Dec.15, 1999).  Rather than being an act of interference, it is the employer's *duty* to investigate and verify that

14

leave is or is not FMLA-qualifying.  29 C.F.R. §§ 825.303 & 825.305(c); *see also, e.g.*, *Willis v. Legal Aid Def. Assn., Inc.,* No. 11–11384, 2012 WL 246293, at \*12 (E.D. Mich. Jan. 26, 2012) (employee's failure to submit required FMLA paperwork is fatal to claim).  Accordingly, because Rocket Mortgage was within its rights to ensure eligibility and provided Plaintiff her FMLA leave, Count I – FMLA violations should be dismissed.

**E.     Plaintiff Fails to State a *Prima Facie* Case Supporting a Plausible Inference of Misconduct by Defendant.**

Globally, each of Plaintiff's FMLA, ADA, and PWDCRA discrimination and retaliation claims fails because she cannot establish a *prima facie* case giving rise to a plausible inference of misconduct.  Plaintiff has not sufficiently alleged that her voluntary resignation amounts to an adverse employment action.

For a disability discrimination claim, Plaintiff must demonstrate she: (1) is disabled within the meaning of the ADA and the PWDCRA; (2) she was qualified for the position; (3) *suffered an adverse employment action*; (4) her employer knew or had reason to know of her disability; and (5) her position remained open or that similarly situated employees were treated more favorably.  *Clum v. Jackson Nat. Life Ins. Co.*, No. 11-CV-10505, 2013 WL 655146, at \*10 (E.D. Mich. Feb. 22, 2013) (emphasis added) (*citing Brenneman,* 366 F.3d 412, 418).  For disability retaliation claims, Plaintiff must prove "(1) she engaged in activity protected by [the act]; (2) the defendant knew of her exercise of her protected rights; (3) the defendant

15

subsequently took an *adverse employment action against the plaintiff* or subjected the plaintiff to severe or pervasive retaliatory harassment; and (4) there was a causal connection between the plaintiff's protected activity and the adverse employment action. *Barrett v. Whirlpool Corp.,* 556 F.3d 502, 516 (6th Cir. 2009) (emphasis added).   Similarly, under FMLA, the cause of action "generally known as a retaliation or discrimination claim, arises when an employer *takes an adverse employment action* against the employee for exercising or attempting to exercise a right protected by the FMLA." *Milman v. Fieger & Fieger, P.C.*, 58 F.4th 860, 866 (6th Cir. 2023) (emphasis added).

While a Plaintiff need not meet the evidentiary standard of a *prima facie* case at the pleading stage, *Suarez v. Covenant House of Michigan*, 2014 WL 1048197 (E.D. Mich. 2014), in ruling on 12(b)(6) motions, courts in the Sixth Circuit routinely dismiss discrimination claims where the complaint fails to allege plausible facts that satisfy one or more of the elements of a *prima facie* claim.  *See, e.g.*, *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 843 (6th Cir. 2024) (upholding dismissal of discrimination claim under Rule 12(b)(6) where plaintiff failed to allege she was similarly situated to employee outside of her protected class who replaced her), *cert.  denied*, 144 S. Ct. 2689 (2024); *Bender v. Gen. Dynamics Land Sys., Inc.,* No. 2:19-CV-13177, 2020 WL 4366049, at *1 (E.D. Mich. July 30, 2020) (dismissing Title VII discrimination claim on the same basis).  "[A] complaint

16

that includes only conclusory allegations of discriminatory intent without supporting factual allegations" fails to state a claim. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012). Under *Twombly*, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations *respecting all the material elements* to sustain recovery under some viable legal theory." 550 U.S. at 562 (emphasis added). Therefore, Plaintiff's failure to plead necessary elements of her *prima facie* case is fatal to her claims.

### 3. Plaintiff Fails to Plead Adverse Employment Actions.

Courts evaluate whether an "adverse employment action" exists applying the same standards across ADA, FMLA, and PWDCRA. *See Wallace v. Edward W. Sparrow Hosp. Ass'n*, 782 F. App'x 395, 404 (6th Cir. 2019) (ADA and PWDCRA disability discrimination); *Hurtt v. Int'l Servs., Inc.*, 627 F. App'x 414, 422 (6th Cir. 2015) (ADA and PWDCRA retaliation); *Cook v. Garner*, No. 19-5931, 2020 WL 4876309, at *5 (6th Cir. June 17, 2020) (ADA, Title VII, and FMLA). An adverse employment action must be "materially adverse." *Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 886 (6th Cir. 1996). To constitute a material adverse employment action, the decision must result in a significant loss of title, pay, benefits, or duties. *Id.* Mere inconvenience or an alteration of job responsibilities does not constitute a material adverse action. *Id.* Plaintiff has not made this showing.

17

64273167.6

Plaintiff's Complaint conclusorily asserts three purported adverse employment actions: (1) "demoting"; (2) "pressuring Isberg to resign"; and (3) "constructively discharging Isberg" (Compl. ¶¶ 94, 110, 126, ECF No. 1, PageID.14, 16, 18).   While these allegations themselves can be disregarded as wholly conclusory, the remainder of her Complaint provides no further support.

### 4.   Plaintiff's Conclusorily Pled "Demotion" Is Inadequate.

Nowhere outside of those three conclusory statements does Plaintiff allege she was demoted.  She also provides no plausible facts to support any inference that she was demoted — because she was not.  Plaintiff's Complaint fails to state any change in title, pay, benefits, or significant duties as required.  *See Kocsis,* 97 F.3d 876, 886.  Plaintiff remained in her Senior Applications role from July 2023 until her resignation in 2025, and her pay and benefits were never changed.  Plaintiff has not pleaded otherwise.

Plaintiff's allegations are conclusory and fail under *Iqbal* and *Twombley*.  The Complaint also fails when compared to *Kocsis*.  There, the plaintiff sued her employer for discrimination for failure to promote and demotion after she was reassigned from nursing supervisor to unit RN.  *Id.* at 881.  The district court dismissed Kocsis' claims for failure to promote and demotion at the summary judgment stage.  *Id.*  The Sixth Circuit affirmed, holding that Kocsis could not establish a *prima facie* case because she did not experience a materially adverse

18

64273167.6

change in employment conditions. *Id.* at 885. The circuit court reasoned that, despite claims that the new role increased her workload and physical demands, her salary, and benefits were unchanged, responsibilities were not significantly changed, and there was no evidence of loss of prestige. *Id.* at 885–87. *Kocsis* made clear that a "mere inconvenience or an alteration in job responsibilities" or a "bruised ego" is not enough to constitute an adverse employment action. *Id*. at 886.

As in *Kocsis*, Plaintiff's allegations that Rocket Mortgage discriminated or retaliated against her are insufficient because they show no *material change.* Plaintiff contends, in a series of conclusory statements, that after temporarily working from home and taking a six-month "medical leave" in 2024, Rocket Mortgage "reassigned most of Isberg's job duties" while she was gone, "did not restore those duties," "refused to assign Isberg similar replacement duties," stopped "assigning Isberg projects," "segregated Isberg at work," removed her from project-related communications, "refused to further train Isberg for leadership," and "stopped providing Isberg promotions" (Compl. ¶¶ 45–49, ECF No. 1, PageID.8).

These allegations are non-specific and insufficient under *Iqbal* and *Twombly*. They also fall short of the facts in *Kocsis*, where the court held that less favorable conditions, such as a change in workload, without accompanying loss of title, pay, or benefits, do not constitute an adverse employment action. 97 F.3d at 886. Plaintiff does not allege any change to her compensation or title, nor does she specify

19

which responsibilities she allegedly lost.  (Compl. ¶¶ 45–46, ECF No. 1, PageID.8).

Further, her Complaint conclusorily assumes she would have been promoted but for

discrimination or retaliation, yet it identifies no promotion for which she was

eligible, applied, or considered.  *See Reid v. Michigan Dep't of Corr.*, 101 F. App'x

116, 119 (6th Cir. 2004) (to show adverse failure to promote a plaintiff must show

she was qualified, applied, and considered for a promotion yet denied).  Accordingly,

Plaintiff has failed to plead a demotion, failure to promote, or any other adverse

employment action during her employment.

### 5.    Plaintiff's Constructive Discharge Theory Is Inadequate.

Plaintiff does her best to conceal that she in fact voluntarily resigned, claiming

that she was "pressured to resign" and was "constructively discharged."  (Compl. ¶¶

94, 110, 126, ECF No. 1, PageID.14, 16, 18).  It is well settled that voluntary

resignation does not constitute an adverse employment action.  *See Hammon v. DHL

Airways, Inc.,* 165 F.3d 441, 447 (6th Cir. 1999).

A voluntary resignation amounts to a constructive discharge only where the

employee was discriminated against to the point that the "working conditions"

became "so intolerable that a reasonable person in the employee's position would

have felt compelled to resign."  *See Pennsylvania State Police v. Suders*, 542 U.S.

129, 141 (2004).  The Sixth Circuit has noted that "intolerability is a demanding

standard," *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 814 (6th Cir. 2020),

20

64273167.6

and that "[c]onstructive discharge is hard to prove." *Groening v. Glen Lake Cmty. Sch.*, 884 F.3d 626, 630 (6th Cir. 2018). More is required to establish an intolerable workplace than to meet the "severe or pervasive" hostile work environment standard—which Plaintiff also fails to plead.

Plaintiff stakes her constructive discharge claim on these grounds: Rocket Mortgage not approving her "request for medical accommodations to work from home" which "would force" her "to drive to Rocket Mortgage and thereby jeopardize Isberg's life and the lives of others due to her disabilities . . . [these] above actions and inactions constituted constructive discharge." (Compl. ¶¶ 83-85, ECF No. 1, PageID.13). Again, as established, Plaintiff's request to work from home and avoid commuting neither supports an ADA or PWDCRA claim nor entitles her to statutory protection; rather, it demonstrates that she is unqualified for her position and expressly ineligible under the statutes. This out-of-office issue is in no way "*a working condition*" "so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *See Suders*, 542 U.S. 129, 141. Indeed, the accommodation case law cited above establishes that the commute is not a working condition at all. Accordingly, having pled no adverse employment action, Plaintiff fails to establish a *prima facie* case under the FMLA, ADA, or PWDCRA, and Counts I, II, and III for discrimination and retaliation should be dismissed.

21

64273167.6

**F.**     **Plaintiff Fails to State a Claim for Hostile Work Environment – Count V.**

Count V should be dismissed because Plaintiff fails to allege facts permitting a plausible inference that she faced a hostile work environment based on a protected characteristic or activity, as required to survive a Rule 12(b)(6) motion.  In order to bring a disability-based hostile work environment claim, a plaintiff must show: 1) she was a member of the protected class, that is, she was disabled; 2) she was subject to unwelcome harassment; 3) *the harassment was based on her disability*; 4) the harassment had the effect of unreasonably interfering with her work performance by creating an intimidating, hostile or offensive work environment; and 5) the existence of liability for the defendant. *Barley v. Meijer Great Lakes Ltd. P'ship*, No. 23-12746, 2025 WL 760037, at *13 (E.D. Mich. Mar. 10, 2025), *appeal dismissed,* No. 25-1344, 2025 WL 2849078 (6th Cir. Aug. 28, 2025) (citing *Gentry v. Summit Behav. Healthcare*, 197 F. App'x 434, 437-38 (6th Cir. 2006) (emphasis added).

As the Supreme Court explained, for a plaintiff to have suffered from a hostile work environment, the plaintiff's workplace must have been "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Mere "offhand comments" and "isolated incidents" do not suffice.  *Hunter v. Gen. Motors, LLC*, 807 F. App'x 540, 545 (6th Cir. 2020) (citations omitted).

22

64273167.6

Sixth Circuit "precedent presents 'a relatively high bar for what amounts to actionable discriminatory conduct under a hostile work environment theory." *Id.* (quoting *Phillips v. UAW Int'l*, 854 F.3d 323, 328 (6th Cir. 2017) (finding no hostile work environment where several racially offensive statements were made over two years)). An employee must show that the allegedly harassing conduct "was motivated by a bias towards the employee's protected class," rather than personal dislike. *Trepka v. Bd. of Educ.*, 28 F. App'x 455, 461 (6th Cir. 2002).

The *Kellar v. Yunion, Inc.* case provides an insightful example of the high standard and factual specificity required in pleading hostile work environment. 157 F.4th 855 (6th Cir. 2025). There, Kellar sued her former employer alleging a hostile work environment existed. *Id.* at 870. The district court granted summary judgment to the employer and the Sixth Circuit affirmed. *Id.* The Court held that Kellar's allegations were conclusory and deficient where she alleged a hostile work environment based on reduced hours, being excluded from meetings, and receiving a text insinuating termination, among other things. *Id.* at 874-75, 881. The court explained that, despite the conclusory allegations, Kellar failed to allege any actual impairment of her work performance or any diminution of her office standing, as required to show that the alleged hostilities adversely affected a specific term or condition of employment. *Id.* at 876.

23

64273167.6

Here, too, Plaintiff has asserted a hostile work environment claim without providing any factual basis for it.  As discussed above, Plaintiff makes multiple conclusory statements about her work environment, including that she suffered "verbal insults, removal of job duties and responsibilities, isolation and segregation," "pressuring to resign" and the above counts. (Compl. ¶¶ 153  ECF No. 1, PageID.21-22). These are almost identical to the deficient allegations in *Kellar*. Plaintiffs entire Count V paragraphs and the relevant paragraphs within the rest of the complaint are legal conclusions devoid of any facts.  (Compl. ¶¶ 44-50, 150-157, ECF No. 1, PageID.8, 21-23).  Plaintiff cannot state a claim by simply regurgitating the elements and providing labels and legal conclusions.  *See Iqbal*, 556 U.S. at 678. (plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action"). Accordingly, Plaintiff has failed to state a claim for hostile work environment and Count V should be dismissed in its entirety.

**G.     Each of Plaintiff's Claims Fail Under *Iqbal* and *Twombly* for their Lack of Factual Substance.**

Independently, the Complaint should be dismissed as impermissibly conclusory under the Sixth Circuit's application of *Iqbal* and *Twombly* in employment discrimination and retaliation cases, including *Sam Han v. Univ. of Dayton* and *Meka v. Dayco Prods. LLC*. *See* 541 F. App'x 622 (6th Cir. 2013); 742 F. Supp. 3d 769 (E.D. Mich. 2024). In *Meka*, the court dismissed a Title VII discrimination claim where the plaintiff alleged only generalized adverse

24

employment actions—being "removed from leading a special project," excluded from meetings, and reassigned projects—without providing any factual context about the circumstances, timing, actors, or motive. 742 F. Supp. 3d at 772-73. The court emphasized that under the facts as pled, the court could "hardly guess what animated [employer's] decisions, let alone reasonably infer discriminatory intent." *Id*. at 772. Likewise, in *Sam Han*, the Sixth Circuit affirmed 12(b)(6) dismissal where the plaintiff merely stated his protected class and listed adverse employment actions, including a bad evaluation and termination, without connecting them to his protected status; the complaint's conclusory allegations could not create a plausible inference of discrimination. 541 F. App'x at 626.

Plaintiff's Complaint mirrors these deficiencies. At best, she alleges only that she experienced less work, project reassignment, segregation, demotion, harassment, and pressure to resign, "but does not provide a single detail about the who, what, when, why or how." 742 F. Supp. 3d at 773. Such threadbare recitals of elements, unsupported by factual content, are precisely the type of allegations that fail under *Twombly* and *Iqbal*. Accordingly, dismissal under Rule 12(b)(6) is required.

## V.    CONCLUSION

The Complaint should be dismissed in its entirety.

Dated: March 31, 2026                    Respectfully submitted,

                                          */s/ Sean F. Crotty*
                                         Sean F. Crotty (P64987)

25

64273167.6

Ryan S. Stults (P89042)
**HONIGMAN LLP**
2290 First National Building
660 Woodward Ave
Detroit, MI 48226
313.465.7336
scrotty@honigman.com
rstults@honigman.com

*Attorneys for Defendant*

26

64273167.6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| ASHLEY ISBERG, | |
| *Plaintiff*, | Case No. 2:26-cv-10806-RJW-DRG |
| v. | Honorable Robert J. White |
| ROCKET MORTGAGE, LLC, | |
| *Defendant*. | |

**BRIEF FORMAT CERTIFICATION FORM**

I, Sean F. Crotty, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (<u>not</u> "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☐ deposition transcripts have been produced in their entirety (<u>not</u> in minuscript), *see* Case Management Requirements § III.A;

☐ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

27

64273167.6

28

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.


/s/ *Sean F. Crotty*
Sean F. Crotty
Attorney for Defendant Rocket Mortgage, LLC


Dated: March 31, 2026

64273167.6

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing system, which will send notification of such filing to all counsel of record.

*/s/ Sean F. Crotty*
Sean F. Crotty

1

64273167.6